UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD SHELTON,   CASE NO.:

    Plaintiff,

vs.

MG FORT MYERS SUBTENANT
LLC, d/b/a MERRILL GARDENS
AT BARKLEY PLACE,
a Foreign Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

The Plaintiff, RICHARD SHELTON ("Mr. Shelton" or "Plaintiff"), by and through his undersigned counsel, sues the Defendant, MG FORT MYERS SUBTENANT LLC, d/b/a MERRILL GARDENS AT BARKLEY PLACE ("MG" or "Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for religious discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

2. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, pursuant to Title VII, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's Title VII claims.

3. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on or about August 02, 2021, alleging discrimination and retaliation based on religion against Defendant.

4. On or about November 09, 2021, Plaintiff received a Determination of Reasonable Cause from the FCHR.

5. Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

6. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

7. Venue is proper because Defendant conducts substantial business in Lee County, Florida, and Plaintiff worked for Defendant in Lee County, Florida, where the actions at issue took place.

## PARTIES

8. Plaintiff, who is an adult male, is protected by Title VII and the FCRA because:

   a. He suffered discrimination and retaliation by Defendant on the basis of his sincerely-held religious beliefs; and

   b. He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on his sincerely-held religious beliefs, including being discharged for same.

9. Defendant was at all material times an "employer" as defined by Title VII and the FCRA, as it employed in excess of fifteen (15) employees.

10. Plaintiff was at all material times an "employee" as defined by Title VII and the FCRA.

## GENERAL ALLEGATIONS

11. Plaintiff worked for Defendant from November 20, 2006, until his termination on July 30, 2021.

12. In June 2021, Defendant implemented a "Mandatory Vaccination Program" for all of its employees, ages 18 and over, and who do not have a medical or religious exemption.

13. On or around June 30, 2021, Plaintiff submitted a request for reasonable

accommodations for the Mandatory Vaccination Program due to his sincerely held religious belief.

14. In response, Defendant requested documentation from Plaintiff substantiating his sincerely held religious belief.

15. On or around July 12, 2021, Plaintiff submitted a letter from his Spiritual Advisor, James Lisi, notifying Defendant of Plaintiff's sincerely held religious belief and in support for Plaintiff requiring reasonable accommodations.

16. Plaintiff was ready and willing to comply with all CDC guidelines such as wearing a face mask in the workplace, social distancing from coworkers and residents, limiting contact with coworkers and residents, and to participate in regular testing for COVID-19.

17. However, in response, on July 27, 2021, without any further inquiry, Defendant notified Plaintiff it denied Plaintiff's reasonable accommodation request.

18. As a result, Defendant removed Plaintiff from the schedule and terminated his employment.

19. Ultimately, Defendant failed to provide Mr. Shelton a reasonable accommodation that was plainly and unambiguously intended to relieve him of the burden of choosing between his job and his religious convictions.

20. Defendant could easily have accommodated Mr. Shelton's sincerely held religious beliefs without experiencing any undue burden.

21. Title VII prohibits religious discrimination in the workplace, and requires an employer to provide a reasonable accommodation for an employee's sincerely held religious beliefs, practices, or observance.

22. Plaintiff's discharge constitutes an adverse action as defined by Title VII and the FCRA.

23. Plaintiff suffered an adverse action as a result of his religion.

24. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties with reasonable religious accommodation.

25. Plaintiff's disclosure of his religion and his need for religious accommodation are causally connected to his discharge, and the temporal proximity between the two events is immediate.

26. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and retaliation and forced discharge suffered by Plaintiff.

27. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards him.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

29. Plaintiff realleges and adopts the allegations contained in paragraphs 1-28 as if fully set forth in this Count.

30. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under Title VII.

31. The discrimination to which Plaintiff was subjected was based on his religion and his need for religious accommodation.

32. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's religious beliefs or practices, in violation of Title VII.

33. Title VII prohibits religious discrimination/retaliation in the workplace, and requires an employer to provide a reasonable accommodation when an employee's sincerely held religious beliefs, practices, or observance conflict with a work requirement, unless doing so would cause the employer an undue hardship. *See, e.g., Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

34. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

35. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

36. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

37. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II:  RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FCRA

38. Plaintiff realleges and adopts the allegations contained in paragraphs 1-42 as if fully set forth in this Count.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under the FCRA, Chapter 760, Florida Statutes.

40. The discrimination to which Plaintiff was subjected was based on his religion and his need for religious accommodation.

41. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's religious beliefs or practices, in violation of the FCRA.

42. The FCRA prohibits religious discrimination/retaliation in the workplace, and requires an employer to provide a reasonable accommodation when

an employee's sincerely held religious beliefs, practices, or observance conflict with a work requirement, unless doing so would cause the employer an undue hardship. *See, e.g., Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

43. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

44. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

46. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT III:  RETALIATION IN VIOLATION OF TITLE VII BASED ON RELIGION

47. Plaintiff realleges and adopts the allegations contained in paragraphs 1-42 as if fully set forth in this Count.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for engaging in protected activity under Title VII.

49. The retaliation to which Plaintiff was subjected was based on him engaging in protected activity under Title VII.

50. Plaintiff's discharge was in close temporal proximity to his request for reasonable accommodations.

51. Plaintiff's request for reasonable accommodations constituted protected activity under Title VII.

52. Plaintiff was discharged as a direct result of his request for reasonable accommodations based on his sincerely held religious belief.

53. Plaintiff engaging in protected activity, and his discharge, are causally related.

54. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

58. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT IV:  RETALIATION IN VIOLATION OF THE FCRA BASED ON RELIGION

59. Plaintiff realleges and adopts the allegations contained in paragraphs 1-42 as if fully set forth in this Count.

60. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for engaging in protected activity under Section 760.10(7), Florida Statutes.

61. The retaliation to which Plaintiff was subjected was based on him engaging in protected activity under the FCRA.

62. Plaintiff's discharge was in close temporal proximity to his request for

reasonable accommodations.

63. Plaintiff's request for reasonable accommodations constituted protected activity under the FCRA.

64. Plaintiff was discharged as a direct result of his request for reasonable accommodations based on his sincerely held religious belief.

65. Plaintiff engaging in protected activity, and his discharge, are causally related.

66. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

67. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

69. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

70. Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of February, 2022.

> By: **_Noah E. Storch_**
> Noah E. Storch, Esq.
>  Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A
> 10368 W. State Rd.84, Suite 103
> Davie, FL 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: noah@floridaovertimelawyer.com